THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JORGE BÁEZ FIGUEROA, Defendant and Appellant.

No. 13995.   Argued November 7, 1949.—Decided November 29, 1949.

Rafael Hernández Matos and Luis A. Noriega for appellant. Vicente Géigel Polanco, Attorney General (Carlos Santana Becerra, Acting Attorney General, on the brief). J. Rivera Barreras, Fiscal of the Supreme Court, and·Fernando Fornaris, Jr., Assistant Fiscal, for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Jorge Báez Figueroa was charged with and convicted of having in his possession material which could be used in connection with the *bolita* game. See § 4 of Act No. 220 of May 15, 1948 (Sess. Laws, p. 738). He was sentenced to 18 months in jail and from said judgment he has appealed to this Court.

The appellant forthwith alleges that the lower court committed grave error in denying the three motions for nullity of the·search warrant and return of evidence filed by him. He contended therein that §§ 503 and 504 of the Code of Criminal Procedure had not been complied with; that places not described in the search warrant were searched; that said warrant was executed after the term fixed by the Act had elapsed and that the $384 seized should be returned to him.

■ We have examined the search warrant and the affidavit which served as a basis thereof and in our judgment both comply with the legal requirements. It is true that the affidavit was made in a printed form which has redundant and inaccurate phraseology but part of the printed form together with what appears typewritten thereon was sufficient to justify the issuance of the warrant. In that affidavit the property to be searched is described with sufficient accuracy and it is stated that the defendant had in his possession and operated in these premises *bolipool* and clandestine lottery tickets and also lists of numbers and names of persons connected with the unlawful *bolita* game. Furthermore, it is recited therein that when the affiant passed in front of the house where the defendant lived he saw that while the latter was in the living room he had in his hands *bolipool* tickets, that he counted them and that at the same time he wrote numbers in a list of paper. This was sufficient for the district judge before whom the affidavit was subscribed to be convinced that the issuance of the search warrant requested was proper.

■ At the end of the affidavit it is stated that the same was "subscribed and sworn to before me this 16th day of July of 1948." Slightly lower down on the paper the signatures of Silvestre Vivaldi and Héctor Ruiz Somohano appear on parallel horizontal lines, the first one as affiant and the second as Judge of the District Court of Ponce. The fact that the signature of the affiant appears a centimeter lower than that of the judge does not render the affidavit fatally defective since from the context thereof taken as a whole, it clearly appears that the purpose of the affiant Vivaldi was to swear to it before the above-mentioned judge. Cf. *Valcourt v. Torres*, 44 P.R.R. 888.

On the other hand, there is nothing in the record which shows that the affidavit was not sworn to before the said judge. On the contrary, everything tends to indicate that

the affiant was examined by Judge Ruiz Somohano and that the latter was convinced that the issuance of the search warrant was proper and issued the same.

█ The defendant also contends, as we have already stated, that the said warrant is void, since the same was returned after more than ten days had elapsed from the date it was issued. Said order, the original of which was sent up, shows that the warrant was issued on July 16, and that it was not returned until the 28th of that same month. Also, that it was executed two days after it was issued. Section 512 of the Code of Criminal Procedure requires that every search warrant must be executed and returned within 10 days after its date. However, this Section only provides that the order shall be void if it were executed after the expiration of said term.[1] In the instant case the order was executed 2 days after its issuance and the fact that it was returned after the 10 days prescribed in said Section does not render it void. *People* v. *Pérez*, 59 P.R.R. 455.

█ The seizure of the eight lists in a wardrobe which was within the house was not illegal. That could be done. *People* v. *Rodríguez, ante,* p. 488.

█ Nor did the district court err in denying the return of the $384 mentioned in one of defendant's motions. Section 5 of the above-mentioned Act No. 220 of 1948 provides that "All devices. . ., coin or other tools and implements used for and utilized in connection with the prohibited games of *bolita, bolipul.* . . which may have been seized in connection with said games, shall be forfeit to the People of Puerto Rico. . . ." The evidence clearly tended to show that when the search warrant was executed and served on the defendant, the latter started to run across a nearby coffee plantation; that the policemen followed him and arrested him seizing 28

---

[1] Section 512.—"A search warrant must be executed and returned to the justice of the peace who issued it within ten days after its date; after the expiration of this time the warrant, unless executed, is void."

lists from him, that he was brought to the house and in his presence, his wife upon being demanded therefor, delivered to a policeman the keys to a wardrobe that was in the house; that when the wardrobe was opened they found therein a small box in which there were eight lists of numbers of three ciphers as well as the sum mentioned above and certain "clips"; and that the said lists were used in connection with the first prize of the Santo Domingo Lottery. The defendant offered no evidence. In view of those facts the lower court acted correctly in refusing to order the return of the money.

At the close of the testimony of Silvestre Vivaldi, first witness for the People, and after he had been cross-examined at length by counsel for the defense, certain questions of law in connection with the validity of the search warrant were argued. After said argument was finished, one of defendant's attorneys requested the court to permit him to put an additional question to witness Vivaldi. The petition was denied. Said refusal has been the object of the second assignment of error. We do not think that the latter error was committed either. The defense already had ample opportunity to cross-examine the witness and furthermore the nature of the question or its materiality was not stated. It could have been a repetition of those already asked or it could have been impertinent. To permit a party to put additional questions when the examination of the witnesses has already ended, is a question entirely within the sound discretion of the trial court. Under the surrounding circumstances we do not think that there was any abuse of such discretion. *People* v. *Vázquez*, 68 P.R.R. 62, 76; *People* v. *Rodríguez*, 62 P.R.R. 864, 869; *People* v. *Lorenzano*, 52 P.R.R. 857, 859; *People* v. *Gómez*, 45 P.R.R. 787, 789.

The third and fourth errors were directed to the admissibility of the evidence and to the weighing thereof by the court. The material obtained by virtue of the search warrant was

admissible in evidence. The latter has already been summarized and in our judgment it is sufficient to justify the conclusion reached by the court.

█ The defendant also alleges that the lower court acted without jurisdiction inasmuch as Act No. 220 of 1948 is unconstitutional. In support of this assignment he alleges among other things that this Act is ambiguous and that its context does not clearly and fully define what is understood by the crime of *bolita*. This question has already been decided adversely to the contention of the defendant. *People v. De Jesús, ante*, pp. 36, 39.

█ The defendant finally contends that the district court committed grave error in imposing the excessive and unjustified penalty of 18 months in jail. The imposition of the penalty falls entirely within the sound discretion of the trial court. For cases of this sort § 4 of Act No. 220 of 1948 fixes a penalty of jail which shall not be less than 6 months or greater than 2 years. We have not been convinced that the trial judge abused his discretion in fixing the penalty imposed.

None of the errors assigned having been committed, the judgment appealed from will be affirmed.